Dear Senator Dardenne:
This office is in receipt of your opinion request relative to the Louisiana State Employees Retirement System (LASERS). Specifically, you ask whether action taken by LASERS pursuant to a change in the law made by Act 556 (1995) was proper.
Act 556 (1995) amends LSA-R.S. 11:511(5) and reads:
 Three trustees who are retired members of the system and who have been retired for at least two years and who shall represent the retired members of the system. The retired trustees shall be elected by the retired members of the system for a term of four years. The election shall be held in accordance with the rules adopted by the board to govern the elections of trustees. Vacancies shall be filled in accordance with R.S. 11:512.
 Section 2. The trustees position created by the provisions of this Act is hereby deemed to be a vacancy on August 15, 1995, and shall be treated in accordance with laws applicable thereto.
This revision authorizes the addition of a third retiree member to the Board of Trustees for LASERS. As LSA-R.S. 11:511
directs, vacancies shall be filled in accordance with LSA-R.S.11:512 which mandates:
 Any vacancy on the board of trustees shall be filled by the board of trustees for the unexpired term of office, provided that if the unexpired term is for a period of more than two years, the appointment shall be for the period intervening until January first following the next regular election, at which election a member shall be elected to fill the unexpired portion of the term in accordance with the provisions of this Part. The above does not apply to the trustee who is a retired member of the system, as his successor would be appointed by the executive board of the retired state employees association.
The complaint to your office, as conveyed to us, alleges:
 The position was treated as a regular election, not as a vacancy. It is further alleged that, pursuant to Act No. 556, the vacant position should have been filled by the appointment of a temporary trustee to serve a term of less than two-years, with a regular election following the lapse of that term. Instead, it is alleged, that the position was filled by election of a retiree member to a full four-year term. The board's alleged failure to follow the procedures set forth in Act No. 556 deprived the complainant of an opportunity to challenge the interim trustee at the lapse of the temporary term, thus forestalling the challenge for four years.
Some confusion with the language of LSA-R.S. 11:512 appears to be the basis for this complaint. However, as best explained by Mr. Kevin P. Torres, General Counsel for LASERS, these provisions were properly followed:
 Since qualifying for the 1995 elections closed on the second Tuesday in July of 1995, this position was not on the 1995 ballot. The two preexisting positions were on the ballot and Mrs. Mary Young Cannon and Mrs. Leila Smith Detlefs won these positions for four year terms.
 Since the new retiree position was deemed vacant after qualifying closed, [August 15, 1996], the Louisiana State Employees' Retirement System (LASERS) requested that the retired state employees' association appoint a member in accordance with R.S. 11:512. The association appointed Mr. Louis S. Quinn and on August 25, 1995 he was sworn in. This position will be on the July 1997 ballot for a full four year term. (See, June 24, 1996, letter, attached).
After carefully reviewing the applicable laws, this office finds these procedures in conformity with LSA-R.S. 11:511 and11:512.
I trust this addresses your concerns. Contact this office should you require further assistance.
Very truly yours,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 BY: ___________________________ CARLOS M. FINALET, III Assistant Attorney General
RPI/CMF/pb
a:cmf/opin96/ 96-271.op
Attachments
Date Received: Date Released:
Carlos M. Finalet, III Assistant Attorney General